

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CALVIN BUTLER,

          Petitioner,          CASE NO. 2:21-cv-10768

v.                         HONORABLE NANCY G. EDMUNDS

ROBERT VASHAW,

          Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS PETITION, GRANTING PERMISSION TO APPEAL *IN FORMA PAUPERIS*, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Calvin Butler, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Pet. (ECF No. 1.) Petitioner challenges his Michigan convictions and sentences for criminal sexual conduct (CSC), kidnapping, and driving while license suspended (DWLS). He claims that his no-contest plea to the charges was coerced by his trial attorney's ineffectiveness and that he is entitled to re-sentencing because the sentencing guidelines were incorrectly scored, the trial court relied on inaccurate information at sentencing, and the sentence is disproportionate, unreasonable, and disparate.

Respondent filed an answer to the petition, claiming that Petitioner's sentencing claims are not cognizable on habeas review and that the state appellate

court reasonably rejected Petitioner's claims for lack of merit.  Answer (ECF No. 9.)
Having review the record, the Court agrees with Respondent that Petitioner is not
entitled to the writ of habeas corpus.  Accordingly, the Court will deny the habeas
petition.

## I. Background

The charges against Petitioner were brought in two separate Macomb County
cases.  In case number 18-1552, Petitioner was charged with first-degree CSC, Mich.
Comp. Laws § 750.520b(1)(c) (sexual penetration during the commission of another
felony), kidnapping, Mich. Comp. Laws § 750.349, and DWLS, Mich. Comp. Laws
§ 257.904.   In case number 18-1553, he was charged with an unrelated incident of
first-degree CSC that occurred about two months after the first incident.

On July 9, 2018, Petitioner pleaded no-contest, as charged, in both cases.
There was no sentencing agreement, but defense counsel asked the trial court to
either depart downward from the sentencing guidelines or to sentence Petitioner at
the bottom of the sentencing guidelines. *See* 7/9/18 Plea Tr. at 3-4 (ECF No. 10-4,
PageID.198-99).   The trial court, however, declined to engage in sentencing
negotiations and stated that the sentence was not a condition of the plea.  *Id.* at 4,
PageID.199.

On August 22, 2018, the court sentenced Petitioner in case number 18-1552
to concurrent prison terms of 225 to 636 months (18 years, 9 months, to 53 years)

for the CSC and kidnapping convictions and 93 days for the DWLS conviction, with credit for 93 days. *See* 8/22/18 Sentencing Tr. at 17-18 (ECF No. 10-5, PageID. 229-30). In case number 18-1553, the court sentenced Petitioner to prison for 180 to 636 months (15 to 53 years). *Id.* at 18, PageID.230.

Petitioner moved to withdraw his plea on the basis that his attorney led him to believe he would get a minimum sentence of only ten years in prison. He also alleged that offense variable 13 (OV 13) of the sentencing guidelines was incorrectly scored, that he should not have been sentenced to lifetime electronic monitoring, and that comments about two other assaultive crimes should be removed from his presentence investigation report. The trial agreed to amend the sentence to exclude the lifetime-monitoring provision, but the court rejected Petitioner's requests to alter the sentencing guidelines, to amend the presentence report, and to withdraw his plea. *See* 5/28/19 Mot. Hr'g Tr. at 4-6 (ECF No. 10-6, PageID.240-42).

Petitioner applied for leave to appeal on grounds that: (1) he was coerced into pleading no-contest because his attorney told him that if he pleaded no-contest, he would receive a ten-year minimum sentence, at most; (2) the sentencing guidelines were incorrectly scored and based on inaccurate information in violation of his right to due process; and (3) his sentence was disproportionate, unreasonable, and disparate, and the trial court failed to consider mitigating factors and to tailor the sentence to the offender. The Michigan Court of Appeals denied leave to appeal for

3

lack of merit in the grounds presented to the court. *See People v. Butler*, No. 349375 (Mich. Ct. App. Sept. 17, 2019). Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal on March 3, 2020, because it was not persuaded to review the questions presented to the court. *See People v. Butler*, 505 Mich. 996; 939 N.W.2d 267 (2020).

Petitioner filed his habeas petition in 2021. As noted above, he argues that his plea was coerced due to his trial attorney's ineffectiveness, that he is entitled to re-sentencing due to the trial court's erroneous scoring of OV 13 and reliance on inaccurate information, and that his sentence is disproportionate, unreasonable, and disparate. Respondent argues that the Court should deny the petition because Petitioner's sentencing claims are not cognizable on habeas review and because the Michigan Court of Appeals decision was objectively reasonable.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). "AEDPA thus imposes a 'highly deferential standard for

evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Only an 'objectively unreasonable' mistake, . . . one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir. 2019) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014), and *Richter*, 562 U.S. at 103). "That's a 'high bar' to relief, which 'is intentionally difficult to meet.' " *Kendrick v. Parris,* 989 F.3d 459, 469 (6th Cir.) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015)), *cert. denied*, 142 S. Ct. 483 (2021).

## III. Discussion

## A. The Plea

### 1. Coercion

Petitioner alleges first that his plea was involuntary, unknowing, and coerced because his attorney led him to believe that he would receive a minimum sentence

of ten years, at most, if he waived a preliminary examination and pleaded no contest. Pet. (ECF No.1, PageID.6, 27-28). The state trial court rejected Petitioner's claim at the hearing on Petitioner's motion to withdraw his plea. The court stated that there was no sentencing agreement, that Petitioner pleaded no-contest voluntarily, and that Petitioner was merely unhappy with the length of the sentence. *See* 5/28/19 Mot. Hr'g Tr. at 4-5 (ECF No. 10-6, PageID.240-41). The Michigan Court of Appeals was the last state court to render a reasoned opinion in the case, and it denied leave to appeal for lack of merit in the claim.

### a. Clearly Established Federal Law

A guilty or no-contest plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' " *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970).

For a plea to be knowing or intelligent and voluntary, the defendant must have received notice of the nature of the charges against him, *Bousley*, 523 U.S. at 618, he must understand the charges and the constitutional protections that he is waiving, *Henderson v. Morgan*, 426 U.S. 637, 645 n .13 (1976), and he must be aware of the direct consequences of his plea, including the value of any commitments made to

him, *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.

2 (5th Cir. 1957) (*en banc*)).   In short, a plea that involves a waiver of constitutional

rights must be "done with sufficient awareness of the relevant circumstances and

likely consequences," *Brady*, 397 U.S. at 748, and the voluntariness of a plea "can

be determined only by considering all of the relevant circumstances surrounding it."

*Id*. at 749.  A plea must stand unless it was induced by threats, misrepresentation, or

by improper promises.  *Id*. at 755.

### b.  Application of the Law

Petitioner informed the trial court at the proceeding in his two cases that he

had discussed his case with defense counsel.   He was satisfied that a disposition of

his case by plea was in his best interest.  *See* 7/9/18 Plea Tr. at 6 (ECF No. 10-4,

PageID.201).  The trial court then informed Petitioner of the charges against him,

the maximum sentence for the charges, and the other direct consequences of his plea.

Petitioner claimed to understand those things.  *See id.* at 6-7, PageID.201-02).  He

also claimed to understand the constitutional protections that he is waiving by

pleading no-contest.  *Id*. at 7-9, PageID.202-04.

Importantly, for purposes of this case, Petitioner declared that no promises,

threats, or inducements were made to him to make him plead no-contest, that he was

not coerced into pleading no-contest, and that he was tendering a plea of his own

free will and choice.  *Id.* at 9, PageID.204.  Petitioner had no questions for the trial

7

court, and when the court asked him how he wanted to plead on each of the charges, Petitioner answered, "No contest." *Id.* at 10-13, PageID.205-08.

Although Petitioner claims that he was promised a minimum sentence of no more than ten years, this is contrary to his comments at the plea proceeding that no one had promised him anything for his plea. His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

To conclude, the record does not support the contention that Petitioner was coerced into pleading no contest. The state appellate court, therefore, reasonably rejected Petitioner's claim for lack of merit, and Petitioner has no right to habeas relief on his claim that his plea was coerced.

## 2. Trial Counsel

Petitioner argues in the alternative that he should be permitted to withdraw his plea because his trial attorney was ineffective for advising him to plead no contest. According to Petitioner, the attorney informed him that a trial would be a credibility contest, that Petitioner would risk losing the case, and that he would receive a very high sentence if he were convicted following a trial. Petitioner also claims that the attorney misled him into believing that his minimum sentence would be no more than four to ten years. Pet. (ECF No. 1, PageID.28-31).

### a. Clearly Established Federal Law

To prevail on his claim about trial counsel, Petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This test applies to challenges to pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In plea cases, the first part of the *Strickland* test requires showing that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Id*. at 56-59. The second or "prejudice" component of the test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *See id*.

### b. Application of *Strickland* and *Hill*

In the present case, trial counsel's advice to plead no-contest fell within the range of competence demanded of defense attorneys, because it appears that Petitioner would have been convicted, as charged, if he had gone to trial. In Macomb County Circuit Court case number 18-1552, the request for a warrant stated that Petitioner had non-consensual penile-vaginal intercourse with the victim in his vehicle. After the victim walked away from the vehicle, Petitioner allegedly ran

9

after her, pulled her back into the vehicle, and had non-consensual sexual intercourse with her a second time. A surveillance video showed the victim being pulled back into the vehicle. *See* 7/9/18 Plea Tr. at 9-10 (ECF No. 10-4, PageID.204-05).

In the other case (Macomb County Circuit Court case number 18-1553), the victim apparently informed Petitioner multiple times that she did not want to have sex with him. Yet he threatened to get a gun, and by motioning toward the console in his vehicle, he led the victim to believe that he could produce a handgun. Petitioner later admitted during an interview with the police that he had penile-vaginal sex with the victim in his vehicle. *Id.* at 12-13, PageID.207-08.

It further appears that Petitioner would have received a longer sentence if he had gone to trial and been convicted. The trial court stated at Petitioner's sentencing that the court usually exceeded the sentencing guidelines in cases like Petitioner's, but that it would stay within the guidelines in Petitioner's cases because that was the only benefit Petitioner would receive for his plea. *See* 8/22/18 Sentencing Tr. at 17 (ECF No. 10-5, PageID.229).

Here, "it cannot reasonably be disputed that an attorney's 'blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea.' " *United States v. Albarran*, 943 F.3d 106, 124 (2d Cir. 2019) (quoting *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001)).

10

Therefore, defense counsel's advice to Petitioner to plead no-contest did not constitute deficient performance.

Petitioner also has failed to establish that counsel's performance prejudiced him. He has not alleged that he would have gone to trial if he had received different advice. Instead, he contends that he would have negotiated a shorter sentence if he had been advised that he was facing a much greater minimum sentence than four to ten years, following a plea. Pet. (ECF No. 1, PageID.31).

Even if trial counsel erroneously promised a minimum sentence of four to ten years, "a defendant cannot show prejudice if he was accurately advised during the plea colloquy." *United States v. Carson*, __ F.4th __, __, No. 21-3780, 2022 WL 1236951, at *4 (6th Cir. Apr. 27, 2022). The trial court in Petitioner's case clearly stated that there was no sentencing agreement and that the sentence was not a condition of the plea. *See* 7/9/18 Plea Tr. at 4 (ECF No. 10-4, PageID.199). The court also informed Petitioner that he was charged with first-degree CSC in both cases and that he could be sentenced up to life imprisonment or any term of years for first-degree CSC. *Id.* at 6, PageID.201. Thus, Petitioner was not prejudiced by his attorney's advice regarding the likely length of his incarceration.

Trial counsel's performance was neither deficient, nor prejudicial, and the state appellate court's rejection of Petitioner's claim for lack of merit was reasonable. Petitioner, therefore, has no right to relief on his ineffectiveness claim.

11

**B. OV 13**

Petitioner alleges next that he is entitled to re-sentencing because the trial court incorrectly scored OV 13 of the Michigan sentencing guidelines and relied on inaccurate information. Petitioner received 25 points for OV 13, but he contends that he should not have received any points for the offense variable. Pet. (ECF No. 1, PageID.8). The trial court determined at the hearing on Petitioner's motion to withdraw his plea that OV 13 was an appropriate score, and the Michigan Court of Appeals subsequently denied leave to appeal for lack of merit in the claim.

This Court finds no merit in Petitioner's claim because the state trial "court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Consequently, Petitioner's allegation that the trial court incorrectly scored OV 13 is not a cognizable claim on habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). A sentencing claim based on an alleged violation of Michigan law simply fails to state a claim on which habeas relief may be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).

Petitioner, nevertheless, alleges that the trial court deprived him of his constitutional right to due process by relying on inaccurate information when scoring OV 13.  Pet. (ECF No. 1, PageID.33).  He contends that the trial court should not have used an offense that happened after the sentencing offense to score OV 13.  *Id.* at PageID.33-34.  And because he had no felony convictions against a person during the five years before the crimes under consideration here, he argues that he should not have received any points for OV 13.  *Id.* at PageID.8, 34.

### 1.  Clearly Established Federal Law

A sentencing court violates the constitutional right to due process of law if its sentence was based on "extensively and materially false" information that the prisoner had no opportunity to correct through counsel.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  But to obtain relief, a prisoner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972).

### 2.  Application

The disputed information here concerns the crimes that were used to score OV 13, which is described in the applicable statute as a "continuing pattern of criminal behavior."  Mich. Comp. Laws § 777.43(1).  Twenty-five points is a proper score if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person."  Mich. Comp. Laws § 777.43(1)(c).  "[A]ll crimes within

a 5-year period, including the sentencing offense, [must] be counted regardless of whether the offense resulted in a conviction." Mich. Comp. Laws § 777.43(2)(a).

Defense counsel conceded at Petitioner's sentencing that Petitioner had committed two crimes against a person for purposes of scoring OV 13: the sentencing offense in case number 18-1552 and the contemporaneous count (the kidnapping). Counsel maintained that there was not a third offense within the previous five years that would raise the score for OV 13 to 25 points. The trial court, however, agreed with the prosecutor that the five-year period noted in the statute encompassed crimes that occurred before and after the sentencing offense. *See* 8/22/18 Sentencing Tr. at 6-9 (ECF No. 10-5, PageID.218-21). This conclusion allowed the trial court to count Petitioner's CSC conviction in case number 18-1553 as a third crime against a person within a five-year period.

Petitioner argues that courts may not use an offense that happened after the sentencing offense when scoring OV 13. *See* Pet. (ECF No. 1, PageID.33-34.) In Michigan, however, for the sentencing offense to constitute part of the pattern, it need only "be encompassed by the same five-year period as the other crimes constituting the pattern." *People v. Francisco*, 474 Mich. 82, 87; 711 N.W.2d 44, 47 (2006). In other words, any crimes that were committed during a five-year period that encompassed the sentencing offense may be considered. *See id.*, 474 Mich. at 86; 711 N.W.2d at 47.

14

"The statute does *not* include a limitation that says 'before' or 'after the sentencing offense.' " *People v. Arnold*, No. 351190, 2021 WL 297456, at *4 (Mich. Ct. App. Jan. 28, 2021) (unpublished) (emphasis in original), *leave to appeal denied*, 507 Mich. 1005; 961 N.W.2d 188 (2021); *see also People v. Plaster*, No. 312897, 2014 WL 3406610, at *3 (Mich. Ct. App. July 10, 2014) (unpublished decision stating that "[n]othing in the statute indicates that only prior or subsequent felonies should be scored under OV 13" and that courts " 'cannot read into an unambiguous statute a provision not written by the Legislature' ") (quoting *People v. Orr,* 275 Mich. App. 587, 595; 739 N.W.2d 385, 391 (2007)). Furthermore, although "a single felonious act cannot constitute a pattern," *People v. Carll*, 322 Mich. App. 690, 704; 915 N.W.2d 387, 396 (2018), distinct crimes or separate acts arising out a single criminal episode may be counted. *See id.*, 322 Mich. App. at 704-06; 915 N.W.2d at 396-97. Thus, the trial court did not err by counting the sentencing offense (first-degree CSC) in case number 18-1552 and the kidnapping count in that case as two crimes against a person for purposes of scoring OV 13.

The trial court also did not err by counting Petitioner's subsequent CSC conviction in case number 18-1553 as a third crime against a person within five years of the sentencing offense. *See People v. Lanning*, No. 346582, 2020 WL 1968644, at *2 (Mich. Ct. App. Apr. 23, 2020) (unpublished decision stating that "the trial

court properly considered defendant's subsequent convictions when it determined that defendant engaged in a pattern of felonious conduct involving three crimes against a person or property in a five-year period that encompassed the sentencing offense"); *accord People v. Ridley*, No. 303251, 2012 WL 2362427, at *9 (Mich. Ct. App. June 21, 2012) ("There is no requirement that the five year period run before the sentencing offense, or that the sentencing offense be the last offense in a pattern of criminal activity.") (unpublished); *People v. Carey*, No. 277902, 2008 WL 2262158, at *2 (Mich. Ct. App. June 3, 2008) ("The plain language of MCL 777.43(2)(a) does not preclude consideration of a five-year period that encompasses the sentencing offense and an offense or offenses that occurred subsequently.") (unpublished).

Based on the foregoing analysis, the trial court did not rely on misinformation of constitutional magnitude when scoring OV 13. Therefore, the court did not violate Petitioner's constitutional right to due process, and the state appellate court's determination that Petitioner's claim lacked merit was not objectively unreasonable. Petitioner has no right to relief on his challenge to the scoring of OV 13.

## C. Proportionality of the Sentence

Petitioner's third and final claim alleges that he is entitled to resentencing because his sentence is disproportionate, unreasonable, and disparate. He contends that the trial court abused its discretion by sentencing him at the top of the guidelines

16

and by failing to consider all the circumstances, including the offense, the offender, and mitigating factors. Pet. (ECF No. 1, PageID.9, 39-42).

Petitioner's contention that the trial court violated Michigan's principle of proportionality is not a basis for habeas relief because, when "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Although the Eighth Amendment to the United States Constitution prohibits the imposition of "cruel and unusual punishments," the Amendment "does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)).

Additionally, the Supreme Court has not extended the requirement of individualized sentencing beyond capital cases, *see id.* at 996, and the Sixth Circuit Court of Appeals has held "that there is no constitutional right to individualized sentencing in non-capital cases." *United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008). This is true "even where a term sentence effectively becomes a life sentence due to the personal characteristics of a defendant." *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 396). "[T]he

Eighth Amendment [also] does not require consideration of mitigating factors at sentencing in non-capital cases[.]" *Id.* (citing *Harmelin*, 501 U.S. at 395).

Petitioner would have been twenty-two years old at his sentencing on August 22, 2018,[1] and his longest sentence was 18 years, 9 months, to 53 years. The sentence was not grossly disproportionate to the crime of first-degree CSC, particularly given the circumstances of the crime. He allegedly forced the victim to have sexual intercourse with him two times and then threw the victim to the ground and left her there before he departed from the scene in his vehicle. *See* 7/9/18 Plea Tr. at 9-10 (ECF No. 10-4, PageID.204-05).

The Michigan Court of Appeals reasonably rejected Petitioner's sentencing claim for lack of merit. As such, Petitioner has no right to habeas relief on his proportionality claim.

## IV. Conclusion and Order

The state appellate court's rejection of all Petitioner's claims for lack of merit was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state court's decision also was not based on an unreasonable determination of the facts, and it was not so lacking in justification that there was an error beyond any possibility for fairminded

---

[1] The state court's registers of actions indicate that Petitioner's date of birth is August 8, 1996. *See* ECF No. 10-1, PageID.172, and ECF No. 10-2, PageID.180.

disagreement.  The Court, therefore, denies Petitioner's habeas corpus petition and dismisses this case.

The Court also declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Nevertheless, because Petitioner was granted *in forma pauperis* status in this Court, the Court grants leave to proceed *in forma pauperis* on appeal if Petitioner appeals this decision, as an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

NANCY G. EDMUNDS
United States District Judge

Dated:

19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RAMIAH JEFFERSON,

      Defendant.

Case Number 14-20119

Honorable Nancy G. Edmunds

_____/

## ORDER GRANTING DEFENDANT'S LETTER MOTION
## FOR REFUND OF SPECIAL PENALTY ASSESSMENT [639]

On August 24, 2015, Defendant Ramiah Jefferson was convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Judgment was entered on April 20, 2016. (ECF No. 461.)  As part of Defendant's sentence, he was ordered to pay a special penalty assessment of $200 consisting of $100 for each count on which he was found guilty. (*See id.*)  Defendant appealed his convictions and on November 12, 2019, on remand from the Supreme Court, the Sixth Circuit Court of Appeals vacated Defendant's § 924(c) conviction. (ECF No. 555.) Defendant was re-sentenced on the remaining conviction on September 30, 2021. (ECF No. 618.) As he was now only convicted of one criminal count, he was ordered to pay a $100 special assessment fee. (*Id.*)

On January 10, 2022, the Court received a letter motion from Defendant requesting a refund of $100 because one of his two convictions had been vacated.  (ECF No. 639.) The Court was able to verify a total payment from Defendant in the amount of $200.

Accordingly, Defendant's motion is **GRANTED** and **IT IS HEREBY ORDERED**  that the

Clerk of Court shall refund $100 to Ramiah Jefferson, 49891-039, located at F.C.I. Milan,

P.O. Box 1000, Milan, MI 48160.

      **SO ORDERED**.

s/Nancy G. Edmunds
Hon. Nancy G. Edmunds
U. S. District Judge

Dated: May 2, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 2, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager